UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                      )<br>           v.                                      )           Criminal No.  17-10138-WGY<br>                                                      )<br>11. DRAGUSH NELO HORNEA,   )<br>     a/k/a "Dragos Hornea,"              )<br>           Defendant.                        ) | |

**UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Nathaniel R. Mendell, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case, pursuant to 18 U.S.C. §§ 1963, 1029(c)(1)(C), and 982(a)(2)(B), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.  A proposed Order of Forfeiture (Money Judgment) is submitted herewith.  In his plea agreement, defendant Dragush Nelo Hornea, a/k/a "Dragos Hornea," (the "Defendant"), agreed to entry of the requested order.  *See* Docket No. 402.  In support thereof, the United States sets forth the following:

1. On August 22, 2018, a federal grand jury sitting in the District of Massachusetts returned a multi-count Superseding Indictment,[1] charging the Defendant, and others, with Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity, in violation of 18 U.S.C. § 1962(d) (Count One); and Conspiracy to Use Counterfeit Access Devices, in violation of 18 U.S.C. § 1029(b)(2) (Count Two).[2]

2. The Superseding Indictment included a RICO Criminal Forfeiture Allegation,

---

[1] The Superseding Indictment supplemented the original May 24, 2017 Indictment, and only included the following specific Counts from that Indictment:  Counts One, Two, Three, Six, Fifteen, Sixteen, Seventeen, Eighteen, Twenty, and Twenty-One.
[2] The Defendant was not charged in the remaining counts of the Superseding Indictment.

pursuant to 18 U.S.C. § 1963, which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of the offense alleged in Count One, of (a) all interests the Defendant has acquired or maintained, in violation of 18 U.S.C. § 1962, wherever located, an in whatever names held; (b) all interests in, securities of, claims against, or properties or contractual rights of any kind affording a source of influence over, any enterprise which the Defendant has established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) all property constituting, and derived from, any proceeds which the Defendant obtained, directly and indirectly, from racketeering activity in violation of 18 U.S.C. § 1962.

3. The Superseding Indictment also included an Access Device Forfeiture Allegation, pursuant to 18 U.S.C. §§ 1029(c)(1)(C) and 982(a)(2)(B), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Count Two, of (1) any personal property used or intended to be used, to commit the offense; and (2) any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of one or more of the offenses.[3]

4. The Forfeiture Allegations of the Superseding Indictment also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property

---

[3] The Superseding Indictment also included a Money Laundering Forfeiture Allegation; however, the Defendant was not charged with the Money Laundering violations.

which cannot be divided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 1963(m), and 18 U.S.C. §§ 1029(c)(2) and 982(a)(2)(B), all of which incorporate 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of such property identified in Paragraphs 2 and 3 above.

5. On October 5, 2021, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Superseding Indictment, pursuant to a written plea agreement signed by the Defendant on September 13, 2021. *See* Docket No. 402.

6. In Section 8 of the written plea agreement, the Defendant agreed that the Court will, upon acceptance of the Defendant's guilty plea, enter an order of forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the Defendant's offense, assets used to facilitate the Defendant's offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense. The assets to be forfeited specifically included, without limitation, the following:

    a. $18,090.54 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment). *Id.* at 6.

7. The Defendant admitted that $18,090.54 is subject to forfeiture on the grounds that it is equal to the amount of proceeds the Defendant derived from the offenses for which he pled guilty. *Id.*

8. Further, the Defendant acknowledged and agreed that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), from the crimes for which the Defendant pled guilty, and the Defendant consented to the entry of an order of forfeiture in the form of a personal money judgment against him in the amount of $18,090.54

3

in United States currency.  *Id*. at 7.

9. Based on the Defendant's admissions in the written plea agreement and his guilty plea on October 5, 2021, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $18,090.54, pursuant to 18 U.S.C. §§ 1963, 1029(c)(1)(C), and 982(a)(2)(B), as the amount of $18,090.54 in United States currency constitutes proceeds the Defendant directly obtained as a result of violations of 18 U.S.C. §§ 1962(d) and 1029(b)(2).

10. Pursuant to Rule 32.2(4)(A) and based upon the Defendant's consent to entry of the requested order, the Order of Forfeiture (Money Judgment) becomes final upon entry by this Court.  As such, no preliminary order of forfeiture is required.

11. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace.  *See*, *e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n.15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

12. Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant,

4

having a value up to the amount of the money judgment. *See United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n. 15 (1st Cir. 2011) ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia,* 564 F.3d 502, 506-507 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

13.     Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 18 U.S.C. § 1963(k), and 21 U.S.C. § 853(m), incorporated by 18 U.S.C. § 982(a)(2)(B) (making Section 853 applicable to all criminal forfeiture cases); *see also United States v. Saccoccia,* 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, the United States requests that this Court:

(a) enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b) retain jurisdiction in the case for the purpose of enforcing the Order of Forfeiture (Money Judgment);

(c) include the forfeiture, as set forth in the Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence; and

(d) incorporate the Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

        Respectfully submitted,

        NATHANIEL R. MENDELL
        Acting United States Attorney,

By:   */s/ Nicole M. Dapcic*
      TIMOTHY E. MORAN
      NICOLE M. DAPCIC
      Assistant United States Attorneys
      United States Attorney's Office
      1 Courthouse Way, Suite 9200
      Boston, MA 02210
      (617) 748-3100

Dated: January 7, 2022       nicole.dapcic@usdoj.gov